**Jiang Sheng HUANG, Petitioner,**

v.

**Alberto R. GONZALES,\* Respondent.**

**No. 03–40966–AG.**

United States Court of Appeals,
Second Circuit.

Nov. 10, 2005.

\* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as respondent in this case.

Thomas V. Massucci, Law Office of Thomas V. Massucci, New York, New York, for Petitioner.

Colm F. Connolly, United States Attorney, and Rudolph Contreras, Assistant United States Attorney of the District of Delaware, Wilmington, DE, for Respondent.

PRESENT: LEVAL, STRAUB, and HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jiang Sheng Huang, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") affirming a decision of an Immigration Judge ("IJ") rejecting the petitioners' application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

In this case, the IJ's adverse findings, relating principally to material inconsistencies and omissions in the record, were supported by substantial evidence. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhou Yun Zhang v. INS*, 386 F.3d 66, 71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding."). The inconsistencies and implausibilities included: (1) Huang's testimony that the family planning officials did not know his wife's name despite other testimony by Huang that the officers had a document with her name on it; (2) the conflicting affidavit and testimony regarding the nature of his wife's illness at temple; (3) the implausibility that his wife's sickness at temple would be construed by a neighbor as pregnancy; (4) the implausibility of Huang's testimony that the family planning officials only looked for his wife at Huang's home though she was registered as living with her parents; and (5) the discrepancy between the abortion certificate furnished as evidence and the State Department Profile regarding such certificates.

With regard to Huang's CAT claim, because it was not included in Huang's petition for review or appellate brief, it has been abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir.1995) (explaining that an issue not raised by

appellant in appellate brief is abandoned); Fed. R.App. P. 28(a) (setting out requirements for appellant's brief).

The petition for review is therefore DENIED.